CARDONA, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 474.—Decided December 10, 1920.

RECORD OF TITLE—INHERITANCE TAX—EXEMPTION—POSSESSORY TITLE.—In order to record a possessory title to a property acquired by paternal inheritance prior to the approval of Act No. 62 of 1916, it is not necessary to exhibit a certificate of exemption from inheritance taxes, for the law in force at that time excepted from such taxes property passing to a child by inheritance.

The facts are stated in the opinion.
*Mr. J. Nazario Figueroa* for the appellant.
The respondent did not appear.
MR. JUSTICE HUTCHISON delivered the opinion of the court.

In the partition of an estate a certain parcel of land was alloted to Carlos Alfonso Cardona Ruiz as an heir of his deceased father. Nine years later the son obtained judicial approval of his possessory title together with an order for the record thereof in the registry of property.

Such record was refused by the registrar on the ground that "it does not appear that the formalities prescribed by sections 372 and 379 of the Political Code have been observed."

The law applicable to the case is chapter 3 of the Political Code as it stood in 1911 when the father of appellant died and the partition was made. The first paragraph of that chapter (section 368) provides for an inheritance tax on all property described therein which shall pass in certain specified ways to any person other than the "wife, child, grandchild, or person legally recognized as an adopted child of the decedent."

Section 372 makes it the duty of administrators, executors and trustees to report certain details to the Treasurer of Porto Rico and to accompany such report with "a tax receipt in proof that the tax imposed by this title has been fully paid   *   *   *."

Section 377 provides that the administrator of any estate subject to the tax above mentioned shall deduct the same from any portion or share in the distribution of such estate which may be paid in money, and for any portion, share or legacy which is not in money, he shall demand payment of the proper tax from the person entitled to such portion and shall not "pay or deliver any specific legacy or property subject to said tax to any person until he has collected the tax thereon; and in case of neglect or refusal on the part of said legatee or distributee to pay the same, such specific legacy or property or so much thereof as shall be necessary, shall be sold at public sale   *   *   *."

Section 378 makes it the duty of the Treasurer to issue

to the administrator of any estate subject to the tax in question, upon the payment of the said tax upon such property, "special tax receipts therefor in triplicate for use in the transfer of said property as hereinafter provided."

Section 379 provides that no judge shall approve the partition of any estate or allow any final settlement of the account of any executor or administrator unless the special tax receipt or receipts mentioned in section 378 shall be produced and exhibited; that no notary shall issue, authorize or certify any instrument of award, partition, distribution, alienation or hypothecation of property unless such receipt be presented; and that "no registrar shall record in any registry under his charge any instrument or judicial decision, ruling or warrant, drawn, rendered or issued in connection with the partition, distribution or delivery of such property unless such receipt or receipts of the Treasurer be presented."

In *Calder et al.* v. *Registrar,* 17 P. R. R. 4, a case involving a somewhat similar although by no means identical situation, this court held, to quote the syllabus, that "inasmuch as the tax due with reference to the portion of the inheritance of appellant's father had been paid, his portion was recordable without prejudice to such action as might be proper when the operations referring to the portion of the inheritance of Enriqueta Calder were presented for admission to record."

So also in *Rovira* v. *Registrar,* 21 P. R. R. 394, a ruling in which the registrar declined to record certain proceedings for the partition of an estate because no inheritance tax receipt or certificate of exemption had been presented, was reversed for the reason that the heirs concerned in that case, consisting of the children and the widow of decedent, were exempt by the terms of section 368 of the Political Code from the payment of inheritance taxes.

The facts in the instant case bring it within the *ratio*

*decidendi* of the *Calder* and *Rovira Cases* and, as in *Rovira* v. *Registrar,* suffice to distinguish the case of *Díaz* v. *Registrar,* 20 P. R. R. 388.

The cases of *Blanco* v. *Registrar,* 27 P. R. R. 877, and *Riefkohl* v. *Registrar, Idem,* 342, both involved an interpretation of the law of 1916 entitled "An Act to amend Chapter 3 of Title 9 of the Political Code of Porto Rico," which modified to some extent the form and language as well as the substance of the provisions construed by this court in the earlier cases above mentioned. They therefore are not applicable to the question involved herein.

The ruling appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.